IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID CRUSON AND JOHN DENMAN <br><br> *Plaintiffs*, <br><br> v. <br><br> JACKSON NATIONAL LIFE INSURANCE COMPANY <br><br> *Defendant*. | § § § § § § § § § § § § § § § § § § | Civil Action No. 4:16-CV-912 <br><br><br> JURY TRIAL |

ORDER GRANTING
PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
<u>APPROVAL OF CLASS ACTION SETTLEMENT</u>

Upon consideration of the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. #137), and the Declarations of Lewis LeClair, Co-Lead Class Counsel, and Matthew Neylon, on behalf of Heffler Claims Group, LLC, the proposed Claims Administrator, and exhibits thereto submitted in support, including the proposed Settlement Agreement (the "Motion"),

WHEREAS, this litigation involves allegations of breach of contract and seeks injunctive relief related to Defendant's method of calculating surrender charges under the terms of variable annuity contracts Defendant sold throughout the United States; and Defendant denies all material allegations in the Lawsuit, and has asserted defenses; and

WHEREAS, discovery has proceeded on issues relating to the allegations asserted in the Second Amended Class Action Complaint, and Plaintiffs have had an opportunity to review extensive document productions; and

WHEREAS, Defendant denies any wrongdoing or liability relating to any of the allegations made by the Plaintiffs, and it is agreed among Defendant and the Plaintiffs that the Settlement Agreement ("Agreement") shall not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing, or liability by Defendant; and

WHEREAS, the Court has considered the Settlement Agreement, the proposed Notice, the proposed distribution plan, and the other documents submitted in connection with Plaintiffs' request for preliminary approval of the Agreement, certification of the Settlement Class for the purposes of settlement only, appointment of counsel for the Settlement Class, appointment of a third-party Claim Administrator, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion is **GRANTED**.

2. Terms used in this Order that are defined in the Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

**Preliminary Approval of the Settlement**

3. The Court finds that: (a) the proposed settlement with Defendant, as set forth in the Settlement Agreement, is sufficiently fair, reasonable and adequate to authorize the dissemination of notice of the settlement to the Settlement Class members and to schedule a fairness hearing to determine whether to grant final approval of the proposed settlement under Fed. R. Civ. P. 23(e); (b) the Agreement was negotiated at arm's-length by experienced counsel acting in good faith with the assistance of Hesha Abrams, an experienced mediator; and (c) there

has been adequate opportunity for discovery by experienced counsel to evaluate the claims and risks at this stage of the litigation.

4. The Court finds that preliminary approval is appropriate and hereby grants that preliminary approval subject to final determination following notice and a hearing. Further, the Court also grants the Certification of the Settlement Class, Appointment of Settlement Class Representatives, Appointment of Settlement Class Counsel, and Appointment of third-party Claim Administrator.

5. For purposes of the settlement of the claims against Defendant, and only for that purpose, and without an adjudication on the merits and other issues between Plaintiffs and Defendant in the event that final approval of the settlement does not occur, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the requirements for a class action are met, and the Court provisionally certifies the following class solely for purposes of settlement of claims against Defendant:

> The "Settlement Class" means all persons and entities who are or were US customers of Jackson with contracts that contain the Language at Issue who incurred Withdrawal Charges and/or Recapture Charges on variable annuities between January 2, 2009 and January 31, 2021. The following persons and/or entities are excluded from the Settlement Class: (i) Jackson; (ii) Jackson's subsidiaries and affiliates; (iii) Jackson's past and current executive officers and directors; (iv) Jackson's legal representatives, heirs, successors or assigns; (v) any entity in which any of the foregoing excluded persons have or had a controlling interest, and (vi) the judge presiding over the Action or a member of his immediate family or judicial staff. Also excluded from the Settlement Class shall be any person and entity who or which submits a request for exclusion that is accepted by the Court.

6. For purposes of preliminary approval, the Court finds that provisional certification of the Settlement Class is warranted in light of the proposed settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the members of the

Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the class; (3) the Plaintiffs' claims are typical of the claims of the Settlement Class members; and (4) the Plaintiffs and Co- Lead Class Counsel will fairly and adequately represent the interests of the Settlement Class members.

7.      For purposes of preliminary approval, the Court finds that provisional certification of the Settlement Class is warranted in light of the proposed settlement under Federal Rule of Civil Procedure 23(b)(3) because common issues, including the issue of whether Defendant engaged in improper behavior, predominate over any questions affecting only individual members of the Settlement Class, and settlement of this action on a class basis is superior to other means of resolving the Action.

8.      The Court finds that the scope of the release in the Agreement is appropriate and calls for a release of claims that were or could have been asserted in this action or that arise from the factual allegations made in this action.

9.      The Court hereby appoints Plaintiffs David Cruson and John Denman as Settlement Class Representatives. The Court preliminarily finds that the Settlement Class Representatives have standing to, and will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Settlement Class Representatives are consistent with those of Settlement Class Members; (2) there appear to be no conflicts between or among the Settlement Class Representatives and the other Settlement Class members; (3) the Settlement Class Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Settlement Class Representatives and Settlement Class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases,

including those concerning alleged violations of Securities and Exchange laws.

10. In making these preliminary findings, the Court has considered, inter alia, (1) the interest of the Settlement Class members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

11. At this juncture, the Court makes no determination regarding the manageability of this litigation as a class action, if this litigation were to go to trial.

12. The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met, and the Court hereby appoints Lewis LeClair of McKool Smith, PC and Gary Corley of Corley Law Firm as Settlement Class Counsel.

## CAFA Notice

13. Pursuant to the Settlement Agreement, Defendant shall be responsible for serving any notice required under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715, and shall pay any and all costs associated with CAFA notice.

## Notice to Potential Settlement Class Members

14. The Court finds that the proposed settlement with Defendant, as set forth in the Settlement Agreement, subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the Settlement Class.

15. Plaintiffs provided a proposed Long-Form and Short-Form Class Notice to the Court for its review (the "Class Notice"). The Court finds the Class Notice acceptable and approves of its form and content.

16. The Court finds that the dissemination of the Class Notice in the manner set forth herein constitutes the best notice practicable under the circumstances and is valid, due and sufficient notice to all persons entitled to notice and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

17. By ***April 13, 2021***, Settlement Class Counsel shall file with the Court their motion for final approval of the Settlement, along with proof that notice was provided to the Settlement Class members as directed by this Order.

18. Any member of the Settlement Class who objects to the proposed settlement, must do so in writing, postmarked no later than ***April 15, 2021***, and shall otherwise comply with the requirements set forth in the Notice.

19. All requests for exclusion from the Settlement Class must be in writing, postmarked no later than ***April 22, 2021***, and must otherwise comply with the requirements set forth in the Notice.

20. Class Counsel shall file with the Court and serve on the parties their responses to any objection(s) to the settlement and/or the request to use the settlement funds for ongoing litigation expenses on or before ***May 6, 2021***.

21. The Court will hold a fairness hearing on ***Thursday, May 13, 2021, at 12:00 p.m., at the Paul Brown United States Courthouse, 101 East Pecan Street, Sherman, Texas 75090*** to determine the fairness, reasonableness, and adequacy of the proposed settlement with Defendant. Any of the Settlement Class members who follow the procedure set forth in the Notice may appear and be heard. The fairness hearing may be rescheduled, adjourned or continued without further notice to the Settlement Class members.

### Other Provisions

22. In the event that the settlement is validly terminated as provided for in the Settlement Agreement, all proceedings had in connection with the settlement and any orders regarding the settlement shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of the Plaintiffs, Defendant, and the members of the Settlement Class.

23. In the event that the settlement does not become final and effective for any reason, nothing in the Settlement Agreement, this Order or proceedings or orders regarding the settlement shall be construed to prejudice any position that any of the parties may assert in any aspect of this litigation.

24. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection with it, shall be construed as an admission or concession of Defendant of the truth of any allegations in the litigation, or of any fault or wrongdoing of any kind, or of Plaintiffs of any lack of merit in Plaintiffs' allegations.

25. Heffler Claims Group, LLC is approved to serve as Claim Administrator for the purpose of issuing notice to the Settlement Class.

26. The litigation against Defendant by the Plaintiffs is stayed except as provided for in the Agreement and to the extent necessary to obtain final approval of the settlement.

**IT IS SO ORDERED.**
**SIGNED this 9th day of February, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE