# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID CRUSON AND JOHN DENMAN | § § § | Civil Action No. 4:16-CV-912-ALM |
| *Plaintiffs*, | § § | |
| v. | § § | JURY TRIAL |
| JACKSON NATIONAL LIFE INSURANCE COMPANY | § § § § | |
| *Defendant*. | § § § | |

## **FINAL JUDGMENT**

This document will constitute a Final Judgment for purposes of Federal Rule of Civil Procedure 23(c)(3) and 58(a), in the above-styled class-action lawsuit, which has been certified under Rule 23(b)(3). Unless defined herein, the capitalized terms in this Final Judgment have the same definitions as set out in the Settlement Agreement.

The Court has received requests for exclusion from the "Settlement Class" from Charles Ekanger, Thomas Masotto, Bonnie J. Nofsinger, Debra Sybert, and Harlan Syverson only (the "Excluded Persons") and has granted those requests for exclusion.

The Class Members are those persons and entities covered by the definition of "Settlement Class." Under that definition, the Excluded Persons are not members of the "Settlement Class." Pursuant to Rule 23(c)(2), notice was directed to all members of the "Settlement Class," in addition to the Excluded Persons.

The Court hereby **ORDERS and DECREES**:

1. Plaintiffs' Unopposed Motion for Final Approval of Class-Action Settlement (Dkt. #143) is **GRANTED**. Accordingly, it is further ordered, adjudged, and decreed that:

    a. All of Plaintiffs' claims against Defendant are dismissed with prejudice and without costs (except as provided for in the Settlement Agreement).

    b. Plaintiffs and all members of the Settlement Class who have not timely excluded themselves from the Settlement Class (including their attorneys, spouses, beneficiaries, executors, representatives, heirs, successors, and assigns) (collectively, "Releasors") are permanently barred and enjoined from prosecuting against Jackson (including its parents, subsidiaries, and affiliates, including Jackson National Life Insurance Company of New York, and all of

       their present and former officers, directors, employees, agents, attorneys, representatives, insurers, and legal representatives) (collectively, "Releasees") any and all claims or causes of action, whether known or unknown, that concern, refer or relate to Jackson's calculation of Withdrawal Charges and/or Recapture Charges for variable annuities, and all other claims that were asserted, or that could have been asserted, in this lawsuit (the "Released Claims"). The Released Claims do not cover, include, or release any claims relating to the enforcement of the Settlement Agreement.

   c. The Escrow Account plus accrued interest thereon is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

   d. Without affecting the finality of this Final Judgment, the Court hereby reserves and retains jurisdiction over the settlement, including but not limited to (i) the administration and consummation of the settlement; and (ii) any application for disbursement of the Settlement Fund.

2. Class Counsel's Joint Unopposed Motion for Award of Attorneys' Fees, Service Awards, and Costs, ECF No. 144, is **GRANTED**. Accordingly, the Court hereby decrees that (1) co-Class Counsel McKool Smith be awarded $1,500,000 in reasonable attorneys' fees, (2) co-Class Counsel Gary Corley be awarded $1,000,000 in reasonable attorneys' fees, (3) McKool Smith be reimbursed $181,396.66 in reasonable costs, (4) Gary Corley be reimbursed $1,225.06 in reasonable costs, (5) named Plaintiff David Cruson be awarded $1,000 as a service award, and (6) named Plaintiff John Denman be awarded $1,000 as a service award.

All relief not previously granted is hereby denied.

**THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED AND ADJUDGED.**

**SIGNED this 4th day of June, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE