IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID CRUSON AND JOHN DENMAN | § § § § § § § | Civil Action No. 4:16-CV-912-ALM |
| *Plaintiffs*, | § § § | |
| v. | § § | JURY TRIAL |
| JACKSON NATIONAL LIFE INSURANCE COMPANY | § § § § § | |
| *Defendant*. | § § § | |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
<u>OF CLASS-ACTION SETTLEMENT</u>**

Upon consideration of Plaintiffs' Motion for Final Approval of Class-Action Settlement with Jackson National Life Insurance Company (Dkt. #143), the Court, having considered the briefs and declarations in support thereof, hereby orders that the motion be **GRANTED**. The Court hereby **ORDERS** the following:

1. The Court has jurisdiction over the subject matter of this litigation.

2. The Preliminary Approval Order outlined the form and manner by which Plaintiffs would provide the Settlement Class Members with notice of the Settlement Agreement, the fairness hearing, and related matters. Proof that such notice was effectuated has been filed with the Court. Due and adequate notice has been provided to the Settlement Class Members in compliance with Federal Rule of Civil Procedure 23 and the Constitution.

3. The Court finds that: (a) the Settlement was entered into by Plaintiffs and Jackson in good faith following an extensive investigation of the facts and substantial discovery sufficient for experienced plaintiffs' counsel to evaluate the matter; (b) the Settlement Agreement is sufficiently fair, reasonable, and adequate; and (c) the Settlement Agreement resulted from vigorous arm's-length negotiations, which were undertaken by counsel with significant experience litigating consumer class actions.

4. The propriety of the Settlement Agreement is indicated in part by: (1) arm's-length negotiations (overseen in part by an experienced and well-known mediator); (2) the experience of Class Counsel; (3) meaningful discovery; and (4) the explicit endorsements of the named Plaintiffs and Class Counsel and the explicit or implicit endorsements of the more-than 200,000 absent Class

|   |   |
|---|---|
|   | Members. Only five Class Members have sought exclusion from the Class. ECF No. 146-2 at ¶ 8. A single Class Member objected to the Settlement Agreement. *See* ECF No. 142. |
| 5. | Having carefully considered the substance of the Objection, however, the Court has determined the Settlement Agreement is nonetheless fair, reasonable, and adequate. |
| 6. | The gist of the Objection is that the Class Member supposedly relied on an oral representation by a Jackson agent concerning the Class Member's individual withdrawal charge and, separately, that the Settlement Agreement should be renegotiated to generate a greater Settlement Fund. ECF No. 142 at 1. |
| 7. | The Objection is individually based, not class-based, however, and therefore offers little value to the Court in evaluating the fairness, reasonableness, and adequacy of the Settlement Agreement to the Class. *Cf.* Manual for Complex Litigation (Fourth) § 21.643 (2010) (categorizing objections as individually based or class-based); William B. Rubenstein, 4 *Newberg on Class Actions* § 13:31 (5th ed. 2014) (similar). Whereas this class-action lawsuit concerns Jackson's breach of its *written contract* with *all Class Members*, *see, e.g.*, ECF No. 137-2 at 3, the Objector's grievance concerns her supposed reliance on Jackson's *oral representation* to *her personally*, ECF No. 142 at 1. The circumstances under which the Objector withdrew her annuity thus do not apply to anyone but the Objector herself. The problem, of course, is individually based objections "rarely provide information about the overall fairness of the settlement." Rubenstein, *supra*, § 13:31; *see* Manual for Complex Litigation (Fourth) § 21.643 (2010). |

8. The fairness, reasonableness, and adequacy of the Settlement Agreement are evidenced in part by the explicit or implicit approval of the Agreement by the great majority of absent Class Members. "'Receipt of few or no objections "can be viewed as indicative of the adequacy of the settlement."' This is particularly true when there has been an energetic notice campaign." *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1068 (S.D. Tex. 2012) (cleaned up); *see DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 293 (W.D. Tex. 2007) ("In light of the undisputed reach of the nationwide notice, the minimal level of opposition from absent class members weighs in favor of approving the settlement."). Here, one Class Member of more than 200,000 has objected, notwithstanding widespread notice. LeClair Decl. ¶ 8; Corley Decl. ¶ 3; Cranmore Decl. ¶ 3. Yet "courts have approved of settlements with much higher percentages of [o]bjectors." *See, e.g., Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 300 (5th Cir. 2017) (collecting decisions of the Fifth Circuit affirming district courts' approvals of settlements notwithstanding objection rates as great as nearly 40%). Not only has merely one Class Member objected, most Class Members with whom Class Counsel have spoken have voiced support for the Settlement Agreement. LeClair Decl. ¶ 4. What's more, the Objector complains the Settlement Fund is "insufficient." ECF No. 142 at 1. Yet the "sufficiency of the fund rather than its allocation" is an "intrinsically 'class' decision" to which "majority sentiments should be given great weight." *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 174 (5th Cir. 1983) (cleaned up). The Objector's unique view on the Settlement Fund must therefore yield to the view

of the named Plaintiffs, Class Counsel, *see* ECF No. 143 at 17, and other absent Class Members, all of whom explicitly or implicitly endorse the Settlement Agreement.

9. In short, the Court has considered the merits of the one Objection to the Settlement Agreement but concludes the Objection fails to identify any shortcoming with the Agreement. Even if such a shortcoming could be inferred from the Agreement, this Class Member's opinion is insufficient in the face of those of the named Plaintiffs, Class Counsel, and other absent Class Members—all of which must be given weight.

10. Final approval of the Settlement Agreement is hereby **GRANTED** pursuant to Rule 23(e) because it is fair, reasonable, and adequate to the Settlement Class Members. In reaching this conclusion, the Court considered the factors set forth in *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), as those factors are applied in Plaintiffs' briefing. *See* ECF No. 143.

11. The Settlement Class provisionally certified by the Court is hereby finally certified as a class pursuant to Rule 23 for the purposes of the Settlement. By finally certifying the Settlement Class, the Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

12. The Court finds that the notice and notice plan previously approved by the Court was implemented and complies with Rule 23. Kroll and Jackson each represent that class notice was provided as directed.

13. The Court finds that the Explanation Letter required by the Settlement Agreement appropriately describes and clarifies any confusion over Jackson's methodology

for calculating withdrawal and recapture charges, and confers an additional benefit on Class Members. *Cf.* ECF No. 137-2 at 20, 32–33.

14. The Court hereby appoints Plaintiffs David Cruson and John Denman as the Settlement Class Representatives. The Court finds that the Settlement Class Representatives have standing to and will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Settlement Class Representatives are consistent with those of Settlement Class Members; (2) the Settlement Class Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (3) the Settlement Class Representatives are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning alleged violations of consumer laws. Both Settlement Class Members and Settlement Class Counsel have adequately represented the Class throughout all stages of this litigation.

15. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection with it, shall be construed as an admission or concession of Jackson of the truth of any allegations in the litigation, or of any fault or wrongdoing of any kind, or of Plaintiffs of any lack of merit in Plaintiffs' allegations.

16. All of Plaintiffs' claims against Jackson are dismissed with prejudice and without costs (except as provided for in the Settlement Agreement).

17. Plaintiffs and all members of the Settlement Class who have not timely excluded themselves from the Settlement Class (including all of their past and present, direct and indirect parents, subsidiaries and affiliates, and their past and present directors, officers, employees, stockholders, attorneys, representatives, parents, subsidiaries, affiliates, partners, and assignees of any claim that is subject to the Release) (collectively, "Releasors") are permanently barred and enjoined from prosecuting against Jackson (and all of its current and former parents, their predecessors, affiliates, assigns, successors, subsidiaries, attorneys, and their officers, directors, agents, representatives, and employees, attorneys, heirs, executors, and administrators of each of the foregoing) (collectively, "Releasees") any and all claims, demands, actions, suits, injuries, and causes of action, damages of any nature, whenever or however incurred (whether actual, punitive, treble, compensatory, or otherwise) including, without limitation, costs, fees, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively or in any other capacity against the Releasees or any of them, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, asserted or unasserted, whether in law or equity or otherwise based in whole or in part or arising out of or relating in any way to any conduct, act or omission of the Releasees (or any of them) prior to and including January 31, 2021, concerning any of the facts, occurrences, transactions, agreements, conspiracies, communications, announcements, notices, or other matters alleged

in the Action against Jackson that arise under any federal or state law, including but not limited to any causes of action asserted or that could have been or could still be alleged or asserted, in any class action complaints filed in this Action or related actions (the "Released Claims").

18. The Escrow Account plus accrued interest thereon is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

19. Neither the Settlement Agreement, nor any act performed, or document executed pursuant to the Settlement Agreement, constitutes an admission of wrongdoing by any party in any civil, criminal, administrative, or other proceeding in any jurisdiction.

20. Without affecting the finality of this Final Judgment Order, the Court retains exclusive jurisdiction over: (a) the Final Judgment Order; (b) the Settlement Agreement; and (c) any application for disbursement of the Settlement Fund made by Co-Lead Counsel.

21. Pursuant to Rule 54, the Court finds that there is no just reason for delay and directs the entry of final judgment as to Jackson.

**IT IS SO ORDERED.**

**SIGNED this 7th day of June, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

8